IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. C 05-0496 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| JERRY CARDOZA, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Michael Izell Seals, a state prisoner currently incarcerated at San Quentin State Prison and a frequent litigant in federal court, filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the full filing fee.

Even when the full filing fee has been paid, a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the complaint to determine whether Defendants are required to respond.

Venue is proper in this district as the acts complained of occurred in Lake County, which is located in this district. 28 U.S.C. § 1391(b).

# DISCUSSION

## I. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Legal Claims

Plaintiff names the following as Defendants: parole agents William Wiener and Mark Hampton; social worker Marian Williams; and parole unit supervisors Jerry Cardoza and Debra Gonzeles. Plaintiff alleges that he has exhausted his administrative appeals with regard to his claims against Defendants. He seeks monetary and punitive damages for alleged violations of his civil rights.

### A. Claims Against Defendant Wiener

Plaintiff alleges the following claims against Defendant Wiener: due process and equal protection violations; obstruction of justice; racial discrimination; malpractice; and tampering with evidence.

Plaintiff claims that Defendant Wiener "failed to live up to his responsibility as [his] parole agent" because "[Defendant Wiener] failed to help assist . . . in any of [Plaintiff's] legal affairs and needs that required [Defendant Wiener's] professional assistance." Plaintiff further alleges that he "lost career wages" because Defendant Wiener "sabotaged all [his] career plans" to become a professional kickboxer by not preparing a "letter and recommendation package" for Plaintiff's application for a "California Boxing and Kickboxing license to fight." Additionally, Plaintiff alleges that, due to Defendant Weiner "continuing to stall [Plaintiff] and make excuses" for not preparing

2

the package, two Lake County Sheriff's Deputies attacked him by "twisting his arm and choking him to a state of unconsciousness" in the course of his arrest for charges of drug possession on February 5, 2003.[1] According to Plaintiff, Defendant Wiener "had given up on [him] from the beginning and had labeled [him] a drug dealer, which is a racist statement being that [Plaintiff] was on parole and was driving a Mercedes Benz and had on [him] in cash $1313.00" when he was arrested.

The Court finds that Plaintiff has not alleged any facts supporting a claim of constitutional deprivation within the meaning of § 1983. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.). Section 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 201-03 (1989). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976). Here, Plaintiff's allegations are speculative and without factual foundation. The Court concludes that Plaintiff has failed to state a cognizable claim against Defendants Wiener. Accordingly, his claims against Defendants Wiener are DISMISSED.

B.     **Claims Against Defendant Williams**

Plaintiff alleges the following claims against Defendant Williams: due process and equal protection violations; obstruction of justice; racial discrimination; malpractice; and tampering with evidence.

---

[1] Plaintiff filed a prior civil rights complaint in Seals v. Mitchell, Case No. C 04-3764 SBA (PR), alleging that two Lake County Sheriff's Deputies attacked him during his arrest on February 5, 2003. The Court granted Defendants' motion for summary judgment on the ground that Plaintiff's conclusory allegations did not establish a genuine issue for trial. In his complaint for the instant action, Plaintiff has repeated the allegations he previously asserted in Case No. C 04-3764 SBA (PR). Accordingly, any claim related to Plaintiff's arrest on February 5, 2003 is dismissed pursuant to 28 U.S.C. § 1915A(b) because it arises out of duplicative causes of action.

According to Plaintiff, he was placed on a parole hold following his arrest on February 5, 2003.  During that time, Plaintiff claims that he was "trying to build [his] defense" for his drug charges and that he also had a separate criminal action, "Criminal Case No. CR 032292," which was "suspended under 1369 mental competency."  Plaintiff claims that his attorney Caroline Zinns contacted his social worker, Defendant Williams, in an attempt to retrieve his mental health records in preparation for the mental competency hearing in Case No. CR 032292.  Plaintiff alleges that attorney Zinns informed him on July 1, 2003 that Defendant Williams "thought [Plaintiff] was faking his mental illness" and that "[his] mental health records would not help [Plaintiff's] defense and therefore she will not be sending [Plaintiff's] mental health records."  Plaintiff further alleges that Defendant Williams sent attorney Zinns a "California Department of Corrections Confidential Letter" in which she stated that Plaintiff "wasn't worth being helped" and included a "brief mention of [Plaintiff's] past history and convictions."  According to Plaintiff,  Defendant Williams "was refusing to assist [him] with [his] mental health records to help [him] with [his] defense and criminal case," and caused attorney Zinns to "turn against [Plaintiff]" and to "[give] up on wanting or trying to help [him] get [his] mental health records or anything else that [he] wanted, requested, or needed in [his] defense."

Plaintiff also claims that on July 1, 2003, Judge Stephen Hedstrom of Lake County Superior Court discharged attorney Zinns "on the grounds of ineffective assistance" and replaced Zinns with another defense attorney, Thomas C. Quinn.  On July 4, 2003, Plaintiff claims he filed a 602 inmate appeal (Log No. 03-00255) requesting his mental health records to be forwarded to attorney Quinn.  Plaintiff states in his complaint that he was able to obtain his mental health records through the inmate appeals process, which was "one of the avenues that was taken to force [Defendant Williams] to assist [Plaintiff]."  Plaintiff has attached to his complaint the second level appeal response.  The response, dated September 15, 2003, stated that his appeal was granted and a copy of Plaintiff's mental health records was sent to attorney Quinn on July 16, 2003.

Because Plaintiff's mental health records were necessary for the mental competency hearing, the Court construes this claim as an alleged denial of access to the courts.  Prisoners have a

4

constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, a temporary deprivation of an inmate's legal materials, or in this case Plaintiff's mental health records, does not always rise to the level of a constitutional violation unless plaintiff can establish actual injury. See Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir. 1989).

Here, Plaintiff alleges that Defendant Williams initially withheld his mental health records and only forwarded them to his attorney after his 602 inmate appeal was granted.  Plaintiff has failed to allege actual injury caused by the delay in obtaining his mental health records from Defendant Williams.  The Court finds that Plaintiff has made no showing of actual injury; therefore, he has failed to state a cognizable claim of denial of access to the courts against Defendant Williams. See id.  Furthermore, the Court finds that Plaintiff's other allegations are conclusory, ambiguous, and without any factual basis.  Accordingly, Plaintiff's claims against Defendant Williams are DISMISSED.

### C. Claims Against Defendant Hampton

Plaintiff alleges the following claims against Defendant Hampton:  due process and equal protection violations; obstruction of justice; racial discrimination; and malpractice.

Plaintiff alleges that Defendant Hampton violated his civil rights on the basis that Defendant Hampton was "a representative for the California parole board who decided to transfer [Plaintiff] and [his] parole to Lake County without having a set environment for [him] to live in, and no jobs or resources offered to assist [him]."  Plaintiff states that "[he] had to find his own ride to the [parole] meeting" even though "Lake County was 50 miles from the Ukiah parole office."[2]  Plaintiff claims that the "parole move was a set up and a parole trap for [him], [an] Afro-American in the county of [an] all white populated area."

---

[2] According to Plaintiff, he was under the custody of parole agents from the Ukiah Parole Office and was required to go to that office once a month for mandatory meetings.

5

The Court finds that Plaintiff's allegations are conclusory, ambiguous, and without any factual basis. Additionally, the Ninth Circuit has held that there is no liberty interest at stake in the transfer of probation jurisdiction. See United States v. Ohler, 22 F.3d 857, 858-59 (9th Cir. 1994) (the transfer of jurisdiction did not deprive probationer of any right or interest created by 18 U.S.C. § 3605, which governs transfers of probation jurisdiction). Accordingly, Plaintiff's claims against Defendant Hampton are DISMISSED.

### D. Claims Against Defendants Cardoza and Gonzeles

According to Plaintiff, Defendants Cardoza and Gonzeles are the supervisors of Defendants Wiener and Williams, respectively. Plaintiff's complaint does not allege facts demonstrating that Defendants Cardoza and Gonzeles violated his civil rights. Liberally construed, Plaintiff's complaint seems to claim that Defendants Cardoza and Gonzeles are liable based on the conduct of their subordinates. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Therefore, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" Preschooler II v. Clark County School Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted).

Plaintiff alleges that Defendant Cardoza instructed Defendant Wiener "to go ahead and put together a letter and recommendation packet from the Ukiah parole office and the department of

corrections so that   . . . [he] could get [his] California boxing and kickboxing license to fight." Plaintiff, however, has made no allegations in his complaint showing that Defendant Cardoza could be liable in his individual capacity for his action or inaction in the training, supervision, or control of Defendant Wiener that resulted in any constitutional violations. Similarly, Plaintiff's complaint fails to allege that supervisory liability could be imposed on Defendant Gonzeles in her individual capacity for the training, supervision, or control of Defendant Williams. The Court therefore finds that Plaintiff has failed to present any evidence of Defendants Cardoza's and Gonzeles's participation in, direction or knowledge of any alleged constitutional violations. Accordingly, Plaintiff's claims against Defendants Cardoza and Gonzeles are DISMISSED.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are DISMISSED because he has failed to present a cognizable claim under 42 U.S.C. § 1983. His complaint is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: 12/3/07

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEALS,<br><br>        Plaintiff,<br><br>   v.<br><br>CARDOZA et al,<br><br>        Defendant. | Case Number: CV05-00496 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 3, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Seals V77488
California State Prison - San Quentin
San Quentin, CA 94974

Dated: December 3, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.05\Seals0496.dismiss.frm        8